Railroad Co. v. Deveraux.

S. H. H. CLARK et al., as Receivers of the St. Joseph
& Grand Island Railroad Company, v. W. B. DEV-
ERAUX AND SCHOOL DISTRICT No. 2 OF DONIPHAN
COUNTY.

**No. 532.**

SCHOOL DISTRICTS—Taxation—Requirements of District. A court
cannot decide from the expenditures of the past alone that a tax
voted by the electors of a school district is arbitrary, oppressive,
and illegal, or that it will produce a sum which, added to the
amount then on hand, will be in excess of the reasonable require-
ments of the district.

Error from Doniphan district court; R. M. EMERY,
judge.    Opinion filed April 26, 1899.    Affirmed.

M. A. Reed, and J. J. Baker, for plaintiffs in error.
A. S. Brewster, for defendants in error.

The opinion of the court was delivered by

WELLS, J.: This action was brought in the district
court of Doniphan county by the receivers of the St.
Joseph & Grand Island Railroad Company to re-
cover from School District No. 2, Doniphan county,
$1139.75 claimed to have been illegally levied against
plaintiffs' property in said district, and paid under
protest to avoid a levy and sale of their property.
After the plaintiffs rested, in the district court, the de-
fendants interposed a demurrer to the evidence, which
the court sustained, and the action is brought here
for review.

Previous to the submission of the case on its mer-
its, the defendants in error filed a motion to dismiss
these proceedings for the reason that the plaintiffs
had ceased to be the receivers of said railroad com-
pany, and the plaintiffs in error filed the petition of

Oliver W. Mink and Thomas P. Wilson, setting forth that on May 4, 1898, the plaintiffs in error herein resigned as receivers, which resignations were accepted by the court, and said petitioners were appointed and qualified as successory receivers in their place and stead, and asking that this action be revived in the name of said petitioners, and that it proceed in their names. This court, being fully advised in the premises, overruled the motion to dismiss, and ordered this action to be revived and henceforth prosecuted in the name of Oliver W. Mink and Thomas P. Wilson, receivers of the St. Joseph & Grand Island Railroad Company.

The only question raised on the merits is, Does the evidence offered and introduced by the plaintiffs entitle them to a judgment? The evidence upon the trial established the following facts : At the annual meeting of said school district held on July 25, 1895, the electors voted a tax of five mills on the dollar on all the taxable property in the district, of which three mills was for teachers' wages and two mills for incidentals. The amount of this tax levied against plaintiffs' property was $1139.75, which sum plaintiffs paid under protest to save the property from sale. At said time there was in the hands of the county treasurer $3833.74 belonging to said school district, and on June 30, 1895, there was in the hands of the district treasurer $469.28. On July 25, 1895, there were no debts existing against said district. The total expense for the last preceding year was $1508.25, of which $1160 was for teachers' wages, and $348.25 for rents, repairs, fuel, and other incidentals, and of the amount in the hands of the county treasurer $2000 was paid by the plaintiff company as a bridge tax, which had been in litigation. The plaintiff also offered to prove that the

Railroad Co. v. Deveraux.

total amount expended by said school district for the
year 1891 was $1921.04; for 1892 was $1431.47; and
for 1893 was $1871.   This was all the evidence offered
which had any bearing on the necessities of the dis-
trict or the intention of its voters in relation to future
disbursements.   The presumption is that the voters
of a municipal corporation, within the limit prescribed
by law, are the best judges of the necessities of their
municipality, and it must be a flagrant misuse of their
privileges that would justify a court in pronouncing
their action as arbitrary, oppressive, and illegal.   That
courts may do so in extreme cases we do not deny,
but before they will presume to pronounce such a
judgment it must affirmatively appear to be justified
by the evidence.

In the case at bar we are in utter darkness as to the
requirements and necessities of the school district, ex-
cept through such light as may be shed on the subject
by the expenditures of the preceding years.   Cases
may be easily imagined where the past would furnish
but little light as to the needs of the present.   A new
schoolhouse, improved appliances, additional teachers
and of a higher grade may all be demanded by the
peculiar situation in which the school district is
placed, and of all this we have no knowledge, and can
get none from the record.

The judgment of the district court is affirmed.